Not for Publication

United States District Court
for the District of New Jersey

| | |
|---|---|
| PREMIUM SPORTS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> CANDIDO PEREIRA and CARLOS LOPES, individually and as officers, directors, shareholders, and/or principals of UNIAO DESPORTIVA FERREIRENSE, INC., d/b/a UNIAO DESPORTIVA FERREIRENSE, <br><br> and <br><br> UNIAO DESPORTIVA FERREIRENSE, INC., d/b/a UNIAO DESPORTIVA FERREIRENSE, <br><br> *Defendants*. | Civil No: 14-6240 (KSH) <br><br><br><br> **Opinion** |

**Katharine S. Hayden, U.S.D.J.**

The plaintiff, Premium Sports, Inc. ("Premium Sports"), seeks statutory damages, costs, and attorneys' fees for violations of 47 U.S.C. § 605(a) and 17 U.S.C. § 501 allegedly committed by Candido Pereira and Carlos Lopes, individually and as officers, directors, shareholders, and/or principals of a bar in Newark, Uniao Desportiva Ferreirense Inc., d/b/a Uniao Desportiva Ferreirense ("the Bar"), and by Uniao Desportiva Ferreirense, d/b/a Uniao Desportiva Ferreirense (collectively, "defendants"), pursuant to a default granted on January 14, 2015.  (D. E. 11.)  Premium Sports requests $68,197.95 per defendant in statutory damages, enhanced damages, costs and fees, which if granted would amount to $204,593.85.

I. **Factual and Procedural Background**

Premium Sports, through a closed circuit feed, provides bars and restaurants with live, pay per view sports.  It initiated this action on October 8, 2014, alleging that the defendants unlawfully intercepted and exhibited a Portuguese league soccer match ("the Program") played on March 2, 2014 in northern Portugal between Victoria Guimaraes SC and FC Proto.  (D.E. 1, "Compl." ¶ 30.)  The full copyright to

1

the soccer match and post-game interviews was held in the United States by Premium Sports. (D.E. 12-2.) The defendants broadcast the Program in the Bar without entering into the requisite licensing agreement with Premium Sports, the exclusive owner of the right to distribute the Program. (Compl. ¶¶ 10, 20, 31.)

To ferret out establishments broadcasting copyright materials without the proper licenses, Premium Sports hires auditors who pose as patrons and collect evidence of piracy. One of them, Tracy Baugh, went to the Bar, located at 113 Main St., Newark, NJ 07105, on the day of the soccer match and videotaped the Program playing on two wall mounted televisions. (D.E. 12-3, "Plaintiff's Affidavit- Auditor's Report" and D.E. 12-4, "Plaintiff's Affidavit- Video Disc.") In Baugh's written report she estimated the fire code occupancy within a wide range of 1- 50 patrons, but only 12 clients were present. (Plaintiff's Affidavit-Auditor's Report.)

On October 18, 2014 Premium Sports filed a federal complaint alleging the defendants violated 47 U.S.C. § 605(a), which prohibits the unauthorized reception and publication or use of wire or radio communications, and 17 U.S.C. § 501, which enforces the exclusive rights of copyright owners. Despite proper service, defendants failed to answer or otherwise respond to the lawsuit, and the Clerk of Court timely entered default as to all defendants. (D.E. 11.) Premium Sports now seeks default judgment and statutory damages, costs and attorney fees aggregating $68,197.95 per defendant, $204,593.85 total, based on violations of 47 U.S.C. § 605(a) and 17 U.S.C. § 501. Premium Sports's damages requests break down as follows:

|  | Candido Pereira (Bar owner) | Carlos Lopes (Bar owner) | Uniao Desportiva Ferreirense (the Bar) |
| --- | --- | --- | --- |
| 47 U.S.C. § 605(e)(3)(C)(i)(II) Statutory damages | $10,000 | $10,000 | $10,000 |
| 47 U.S.C. § 605(e)(3)(C)(ii) Enhanced damages | $15,000 | $15,000 | $15,000 |
| 17 § 504(c)(1) Statutory damages | $10,000 | $10,000 | $10,000 |
| 17 § 504(c)(2) Enhanced damages | $30,000 | $30,000 | $30,000 |
| Costs and attorney fees | $3,197.95 | $3,197.95 | $3,197.95 |
| Total | $68,197.95 | $68,197.95 | $68,197.95 |

2

**II.    DISCUSSION**

**A.  Legal Standard**

A default judgment may be ordered where the party "against whom relief is sought has failed to plead or otherwise defend" against the complaint. Fed.R.Civ.P. 55(b)(2). In entering default judgment the court considers the factual allegations in the complaint as conceded by the defendants. *Direct TV, Inc. v. Pepe*, 431 F.3d 162, 165 (3rd Cir. 2005). However, "[c]ourts do not accept as true allegations about the amount of damages, and may take steps to discover the appropriate amount." *Broadcase Music, Inc. v. Publick House Partners,* 2015 WL 3396804, at *2 (D.N.J. May 26, 2015)(Walls, J.); *see also Condyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)(stating "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true").

The court may hold a hearing as to damages, but this is unnecessary where the court has sufficient basis for determining the damages. Fed.R.Civ.P. 55(b)(2)(B); *Super 8 Worldwide, Inc. v. Urmita, Inc.*, 2011 WL 2909316, at *2 (D.N.J. July 18, 2011)(Martini, J.)(quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)). Here, Premium Sports does not seek a hearing, and the complaint and its submissions provide the Court with sufficient information to grant its claims under 47 U.S.C. § 605(a) and 17 U.S.C. § 501 and award appropriate damages. (D.E. 12-1, "Support of Motion"; D.E. 12-7, "Memo of Law.")

**B.  Statutory Damages and Enhanced Damages Under 47 U.S.C. § 605(a)**

Through its well-pled complaint, Premium Sports satisfied the elements necessary to state a claim under § 605. 47 U.S.C. §605(a)(providing that "no person not being authorized by the sender shall intercept any radio communication and divulge or publish"); *Joe Hand Promotions, Inc. v. Waldron,* 2013 WL 1007398, at *6 (D.N.J. Mar. 13, 2013)(Kugler, J.)(requiring the plaintiff show (1) an intercepted broadcast, (2) lack of authorization to intercept the broadcast, and (3) that the defendant showed the broadcast to others). Where a violation of § 605 occurs, the aggrieved party may elect to pursue statutory or actual damages under 47 U.S.C. § 605(e)(3)(C)(i). Against each defendant, Premium Sports has

elected to seek the maximum, $10,000, in statutory damages, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) plus $15,000 in enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).

The court may award from $1,000 to $10,000 in statutory damages for § 605 violations. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II). Enhanced damages may be awarded where the defendant acted "willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). Upon a showing of willful conduct, "the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000, as the court considers just."  47 U.S.C. § 605(e)(3)(C)(ii)(emphasis added).

Courts take a variety of approaches to determine what constitutes a just award.  To begin with, the court has not found any persuasive authority for awarding statutory damages *per defendant* where the essence of the harm was an illegal broadcast out of a bar. Refusing to award damages on a per defendant basis is particularly appropriate here, where Premium Sports has named three defendants while factually establishing no more than one bar and one broadcast event.  The broadcast happened. Premium Sports sued.

On the issue of amounts, recent cases in this district have held that statutory damages should approximate actual damages. *See, e.g., Joe Hand Promotions, Inc. v. Cerreto,* 2014 WL 4612101, at *4 (D.N.J. Sept. 15, 2014)(Martini, J.); *Waldron,* 2013 WL 1007398, at *6; *J & J Sports Prods., Inc. v. Edrington,* 2012 WL 525970, at *3 (D.N.J. Feb. 16, 2012)(Checci, J.).  Running through these decisions is the principle that the sum of the statutory damages and enhanced damages should compensate the aggrieved party for its financial losses, deter future violations, and be just in light of the circumstances.

To determine actual damages, an appropriate starting point is to assess the cost of the licensing fee the defendants ought to have paid in order to broadcast legally. See, e.g., *J & J Sports Prods., Inc. v. Castro*, 2015 WL 389381, at *4 (D.N.J. Jan. 28, 2015)(Martini, J.)(finding statutory damages in the amount of the lost sublicense fee for an establishment of relative size to the defendant's).  Premium Sports does not give

4

any information about this cost.  Another measurement courts have used is to assess a per patron rate of $50.  See, e.g., *Top Rank Inc. v. Tacos Mexicanos*, 2003 WL 21143072, at *4-5 (E.D.N.Y. Mar. 28, 2003)(calculating the statutory award based on $50 per patron); *Entm't by J&J, Inc. v. Mama Zee Rest. & Catering Servs., Inc*., 2002 WL 2022522, at *3 (E.D.N.Y. May 21, 2002)(same).  Using this metric, damages here would be $600, which falls below the statutory $1,000 minimum.  47 U.S.C. § 605(e)(3)(C)(i)(II).  Where calculated damages fall below $1,000 courts have found defendants liable for the statutory minimum.  *See, e.g., Kingvision Pay-Per-View Ltd. v. Autar*, 426 F.Supp.2d 59, 63-64 (E.D.N.Y. 2006)(holding the defendants jointly and severally liable for $1,000 where the award would otherwise be $850).  Finding this to be a reasonable approach, the Court will do likewise.

Premium Sports was unable to discover how defendants were able to broadcast the Program, but it nonetheless asserts their conduct was willful and seeks $15,000 in enhanced damages.  (Compl. ¶22; Memo of Law.)  As factual assertions from the Complaint must be considered true for default judgments, this Court credits that the defendants used illicit means to show the Program, especially since they did not hold the proper license.  (*Id.*)  In *Kingvision Pay-Per-View Ltd. v. Rodriguez,* 2003 WL 54889*,* at *2(S.D.N.Y. Feb. 24, 2003), the district court enumerated factors bearing on the issue of purposeful, willful conduct: (1) whether the defendants intercepted unauthorized broadcasts repeatedly and over an extended period of time; (2) whether the defendants reaped substantial profits from the unauthorized exhibition; (3) whether the plaintiff suffered significant actual damages; (4) whether the defendants advertised the broadcast; and (5) whether the defendants charged cover fee or premiums on food and drink because of the broadcast.  *Rodriguez,* 2003 WL 54889*,* at *2; *see Castro*, 2015 WL 389381, at *4; *Waldron,* 2013 WL 1007398, at *7; *Edrington,* 2012 WL 525970, at *3.

In this case there is no evidence that defendants charged a cover fee or placed a premium on any food or drink items that were sold to any of the 12 patrons in the Bar; indeed, Premium Sports's auditor indicated in her report that she did not have to pay a cover or fee to enter the Bar.  And while Premium Sports alleges that the event was advertised, it provides no factual information to establish the extent of

5

the advertisements. Nor has Premium alleged that the defendants illegally broadcast copyright materials in the past. Despite general claims that it suffered significant damages, Premium Sports produced no evidence of actual damages beyond the lost license fee nor any assertion backed up by pleaded facts that the defendant realized financial gain. Considering these factors, a total enhanced damage award of $1,000 is appropriate. *See Castro*, 2015 WL 389381, at *4 (finding $2,000 of total enhanced damages where patrons were charged $20 cover charge and the capacity of the establishment was 100 people); *see also J & J Sports Prods. v. Munguti*, 2007 WL 928479, at *3 (D.N.J. Mar. 26, 2007)(Linares, J.)(awarding enhanced damages of $800 where defendants showed the event to approximately 80 patrons, but did not charge a cover or advertise the event); *Cerreto*, 2014 WL 4612101, at *4 (assessing $900 total enhanced damages for a bar filled almost to capacity, but without cover charge); *Rodriguez,* 2003 WL 548891, at *2 (assessing $1,000 enhanced damages for willfulness where there was no proof that the defendants broadcast other events, advertised the event, charged a cover fee or placed a premium on food or drinks).

Accordingly, the Court awards Premium Sports a total of $2,000 statutory and enhanced damages for violations of 47 U.S.C. § 605(a).

### C. Statutory and Enhanced Damages Under 17 U.S.C. § 504(c)

Premium Sports additionally seeks statutory damages of $10,000 per defendant and enhanced damages of $30,000 per defendant for violations of the Copyright Act. 17 U.S.C. §504(c). This Court finds that there is adequate information in the complaint to show a violation of the Copyright Act insofar as Premium has pled (1) ownership of the allegedly infringed material and (2) that the infringer violated at least one exclusive right of the copyright holder. 17 U.S.C. § 501.

Under § 504 (c)(1), courts have wide discretion in determining the amount of damages within the statutory range of $750 to $30,000. *Broadcase Music, Inc.,* 2015 WL 3396804, at *3 (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc*., 344 U.S. 228 (1952)). On a finding of willful infringement, a court may increase the award of statutory damages up to $150,000. 17 U.S.C. §504(c)(2).

Premium Sports seeks statutory and enhanced damages totaling $40,000 per defendant pursuant to § 504(c). Under these facts, the Court awards minimum statutory damages of $750, enhanced by the same amount, for a total of $1,500 under 17 U.S.C. §504(c). *Top Rank, Inc. v. Ortiz*, 2003 WL 1960211 at *4 (S.D.N.Y Mar. 27, 2003)(providing twice the statutory minimum of $750 under § 504(c)(1) when the court awarded twice the statutory minimum for a violation of § 605 and the actual damages were less than the statutory minimum).

### D. Attorney Fees and Court Costs

Finally, Premium Sports seeks to recover $3,197.95 per defendant for costs and attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and 17 U.S.C. §505.) Under 47 U.S.C. § 605(e)(3)(B)(iii) the court shall award "recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Premium Sports has submitted an attorney affidavit (D.E. 12-5), adequately detailing its request for $2,322.95 in legal fees and $875 in costs for a total of $3,197.95. The Court denies without hesitation the contention, which it assumes was made in error, that Premium Sports could get triple this amount by assessing legal fees and costs against each defendant, which would be a windfall. Accordingly, the Court deems the fees and costs to be reasonable as against all defendants and awards them.

### III. CONCLUSION

For the foregoing reasons, the Court enters judgment in favor of Premium Sports, Inc. pursuant to 47 U.S.C. §605(e) and 17 U.S.C. §504(c). The defendants are jointly and severally liable to Premium Sports for a total amount of $6,697.95, consisting of $2,000 in statutory damages under §605, $1,500 in statutory damages under §504, and $3,197.95 in costs and fees. An appropriate order shall be entered.

Date: September 30, 2015

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.